Bank of N.Y. Mellon v Ahmed (2020 NY Slip Op 01591)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Bank of N.Y. Mellon v Ahmed

2020 NY Slip Op 01591

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01253
2017-01254
2017-11744
(Index No. 602169/15)

[*1]Bank of New York Mellon, respondent, 
vMonowar Ahmed, appellant, et al., defendants.

Martin Silver, P.C., Hauppauge, NY (Eric H. Holtzman of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Femano of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Monowar Ahmed appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated November 22, 2016, (2) an order of the same court, also dated November 22, 2016, and (3) an order of the same court dated September 26, 2017. The first order dated November 22, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The second order dated November 22, 2016, insofar as appealed from, awarded the same relief to the plaintiff, and appointed a referee to compute the amount due on the mortgage loan. The order dated September 26, 2017, insofar as appealed from, upon renewal and reargument, inter alia, limited the plaintiff's recovery to unpaid mortgage installments which accrued after March 4, 2009, and otherwise adhered to the prior determination in the orders dated November 22, 2016.
ORDERED that the orders dated November 22, 2016, are reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Monowar Ahmed, to strike that defendant's answer, and for an order of reference are denied, that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him is granted, and the order dated September 26, 2017, is vacated; and it is further,
ORDERED that the appeal from the order dated September 26, 2017, is dismissed as academic in light of our determination on the appeals from the orders dated November 22, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendant Monowar Ahmed.
In 2006, the plaintiff commenced an action to foreclose a mortgage on premises located in Lake Grove and owned by the defendant Monowar Ahmed (hereinafter the defendant). [*2]That action was voluntarily discontinued by stipulation. The plaintiff then commenced the instant foreclosure action on or about March 4, 2015. The defendant answered, asserting expiration of the statute of limitations as an affirmative defense. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. By two orders dated November 22, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, denied that defendant's cross motion, and appointed a referee to compute the amount due on the mortgage loan. In an order dated September 26, 2017, upon renewal and reargument, the court, inter alia, limited the plaintiff's recovery to unpaid mortgage installments which accrued after March 4, 2009. The defendant appeals.
Generally, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action (see CPLR 213[4]). However, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982).
Here, in support of his cross motion for summary judgment, the defendant submitted the complaint in the 2006 action, in which the plaintiff had expressly elected to "call due the entire amount secured by the mortgage," thus demonstrating that the mortgage was accelerated in 2006. Since the plaintiff did not commence this action until March 2015, more than six years later, the defendant sustained his initial burden of demonstrating prima facie that this action is time-barred (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030-1031; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the execution of the stipulation of discontinuance did not, by itself, constitute an affirmative act revoking its election to accelerate, since the stipulation was silent on the issue of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
Further, although the acceleration of a mortgage debt "is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d 145, 153), here, the plaintiff failed to raise a triable issue of fact as to whether its acceleration was invalid on the ground that it lacked standing when it commenced the 2006 action. A plaintiff has standing in a mortgage foreclosure action if it was the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). A "holder" is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152). Here, while the plaintiff submitted evidence that it was purportedly assigned the note and mortgage after it had already commenced the 2006 action, it did not submit any evidence pertaining to physical possession of the original note when the prior action was commenced. Moreover, the defendant submitted affidavits sworn by the plaintiff's representatives in connection with the prior action, in which they averred that the plaintiff was in possession of the original note when it commenced the 2006 action.
Accordingly, since the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing that the action was time-barred, the defendant's cross motion should have been granted, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference should have been denied.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court