Citimortgage, Inc. v Ford (2020 NY Slip Op 05183)





Citimortgage, Inc. v Ford


2020 NY Slip Op 05183


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-01132 
2018-01135
 (Index No. 4554/16)

[*1]Citimortgage, Inc., etc. respondent,
v
John E. Ford, etc., appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Joseph DeFazio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John E. Ford appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered December 4, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amounts owed.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John E. Ford, to strike his answer, and for an order of reference are denied, and that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Here, the defendant demonstrated that the six-year statute of limitations began to run on March 25, 2008, upon the plaintiff's commencement of a prior foreclosure action. Since the plaintiff did not commence the instant action until June 22, 2016, the defendant established, prima facie, that the instant action is time-barred.
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or is otherwise inapplicable (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). The fact that the prior foreclosure action was dismissed for failure to effectuate personal service does not invalidate the plaintiff's election to exercise its right to accelerate the maturity of debt (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658; see also Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476).
The plaintiff's contention that RPAPL 1301(3) operated as a statutory prohibition for [*2]the purpose of determining when the statute of limitations began to run (see CPLR 204[a]) is without merit. The timely commencement of this foreclosure action was not stayed by a court, nor statutorily prohibited by RPAPL 1301(3).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court