Daldan, Inc. v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 06749)





Daldan, Inc. v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 06749


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-07043
2019-05342
 (Index No. 1465/17)

[*1]Daldan, Inc., respondent, 
v
Deutsche Bank National Trust Company, etc., appellant.


Akerman LLP, New York, NY (Jordan M. Smith and Natasayi Mawere of counsel), for appellant.
Stern & Stern (Richland & Falkowski, PLLC, Washingtonville, NY [Daniel H. Richland], of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated April 5, 2018, and (2) a judgment of the same court dated October 17, 2018. The order granted the plaintiff's motion for summary judgment on the complaint, striking the defendant's answer and affirmative defenses, dismissing the defendant's counterclaim, and discharging a mortgage dated October 27, 2006. The judgment, upon the order, directed the County Clerk, Kings County, and the New York City Department of Finance to cancel from the record the mortgage dated October 27, 2006, and barred the defendant and its successors from claiming an interest in the property encumbered by the mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 27, 2006, Mario Valero executed a note in favor of Mortgage Lenders Network USA, Inc. (hereinafter MLN), in the principal sum of $520,000. The note was secured by a mortgage on certain real property in Brooklyn (hereinafter the property). The mortgagee was listed as Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for MLN. On August 19, 2007, MERS assigned the mortgage to the defendant, Deutsche Bank National Trust Company (hereinafter the Bank). On August 22, 2007, the Bank commenced an action to foreclose the mortgage (hereinafter the prior foreclosure action). The complaint alleged that Valero had defaulted on the note by failing to make the payment due on May 1, 2007, and stated that the Bank was electing to call due the entire amount secured by the mortgage. While that action was pending, Valero deeded the property to the plaintiff, Daldan, Inc. (hereinafter Daldan). On January 28, 2015, the Supreme Court granted Valero's motion to dismiss the prior foreclosure action due to lack of [*2]personal jurisdiction and the Bank's failure to prosecute the action.
On April 28, 2017, Daldan commenced the instant action to quiet title pursuant to Real Property Actions and Proceedings Law (hereinafter RPAPL) article 15 and to secure the cancellation and discharge of the mortgage (hereinafter the Quiet Title Action). The Bank filed an answer, and asserted a counterclaim against Daldan for unjust enrichment. In an order dated April 5, 2018, the Supreme Court granted Daldan's motion for summary judgment on the complaint, striking the Bank's defenses, and dismissing the Bank's counterclaim. The Supreme Court subsequently entered a judgment in Daldan's favor canceling, vacating, and discharging the mortgage. The Bank appeals.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see RPAPL 1501[4]; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; Milone v US Bank N.A., 164 AD3d 145, 151). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, in support of its motion, Daldan established that it was the current owner of the property, that an acceleration of the full amount of the subject debt occurred on August 22, 2007, when the Bank commenced the prior foreclosure action and elected to call due the entire amount secured by the mortgage (see Bank of N.Y. Mellon v Ahmed, 181 AD3d 634, 635; Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1055), and that, accordingly, the statute of limitations expired six years later (see CPLR 213[4]). Thus, by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations, the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the complaint (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986).
In opposition, the Bank failed to raise a triable issue of fact. Contrary to the Bank's contention, its failure to serve the complaint in the prior foreclosure action on Valero did not negate acceleration (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658; see also Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472). Moreover, the dismissal of the prior foreclosure action did not constitute an affirmative act by the Bank revoking its election to accelerate the mortgage debt (see MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987).
Also contrary to the Bank's contention, the time during which the prior foreclosure action was pending did not toll the running of the statute of limitations pursuant to CPLR 204(a), as RPAPL 1301(3) did not prevent the Bank from discontinuing that action and commencing a new action, but merely required it to make an election of remedies: either to foreclose the mortgage or to recover on the note (see Wells Fargo Bank, N.A. v Goans, 136 AD3d 709, 709). Thus, the Bank was not entitled under CPLR 204(a) to have the time during which the prior foreclosure action was pending excluded from the statute of limitations (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 968; see also Costa v Deutsche Bank National Trust Co. for GSR Mtge. Loan Trust 2006-OA1, 247 F Supp 3d 329 [SD NY]).
As to the Bank's counterclaim, in order to establish a claim for unjust enrichment, a plaintiff must prove "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [internal quotation marks omitted]; see Mannino v Passalacqua, 172 AD3d 1190, 1190). The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526; see Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 671). Here, the Bank concedes that its servicer paid real estate taxes and insurance on the property, but it has not alleged that it did [*3]so accidentally or mistakenly, or that it was induced to do so by fraud (cf. Suntrust Mtge., Inc. v Mooney, 113 AD3d 836, 837). Accordingly, the voluntary payment doctrine bars the Bank's unjust enrichment counterclaim.
In light of our determination, we need not reach the remaining contention of Daldan, and the remaining contentions of the Bank are without merit.
Accordingly, we agree with the Supreme Court's determination granting Daldan's motion for summary judgment on the complaint, striking the Bank's answer and affirmative defenses, dismissing the Bank's counterclaim, and discharging the mortgage.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court