First Am. Tit. Ins. Co. v Holohan (2020 NY Slip Op 07547)





First Am. Tit. Ins. Co. v Holohan


2020 NY Slip Op 07547


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-01496
 (Index No. 619408/16)

[*1]First American Title Insurance Company, respondent,
v
Raymond T. Holohan, etc., et al., appellants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
Salamon, Gruber, Blaymore & Strenger, P.C., Roslyn Heights, NY (Sanford Strenger and Elizabeth Tobio of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a home equity loan agreement, the defendants appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 19, 2017. The order denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211(a), to discharge of record a certain mortgage against the subject property pursuant to RPAPL 1501(4), and for an award of attorney's fees.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision granting those branches of the defendants' motion; as so modified, the order is affirmed, with costs to the defendants.
On June 7, 2001, the defendants Raymond T. Holohan and Carol Holohan obtained a home equity line of credit (hereinafter HELOC) in the amount of $100,000 from HSBC Bank USA (hereinafter HSBC). The HELOC was secured by a mortgage on real property in Suffolk County. On or about June 29, 2009, HSBC commenced an action to foreclose the mortgage against, among others, the defendants and nonparty Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment and Loan (hereinafter Fremont), which also held a mortgage against the subject property. The plaintiff had underwritten the title insurance policy that Fremont purchased to protect its interest in the property. A dispute arose in the foreclosure action as between HSBC and Fremont as to the priority of their respective liens against the property, and the plaintiff defended Fremont in the action. During the pendency of the foreclosure action, Fremont assigned its mortgage to Deutsche Bank National Trust Company (hereinafter Deutsche Bank).
HSBC and Deutsche Bank entered into a settlement agreement pursuant to which HSBC would assign its mortgage and the accompanying HELOC agreement to the plaintiff for the sum of $122,500, and the lien of the HSBC mortgage would be subordinated to the lien of the Fremont mortgage that had been assigned to Deutsche Bank. It is undisputed that the plaintiff paid this sum to HSBC. HSBC moved for leave to discontinue the foreclosure action, and the Supreme Court granted the motion by order dated October 7, 2014.
On November 30, 2016, the plaintiff commenced this action, inter alia, to recover [*2]damages for breach of the HELOC agreement. The defendants moved (1) pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, (2), in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which alleged unjust enrichment, (3) pursuant to RPAPL 1501(4) to discharge of record the mortgage securing the HELOC, and (4) for an award of attorney's fees. In an order dated December 19, 2017, the Supreme Court denied the motion. The defendants appeal.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1388, lv granted 34 NY3d 910). "Once this showing has been made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise a question of fact as to whether the action was timely" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628 [alterations and internal quotation marks omitted]).
The statute of limitations for an action to recover on a note which is secured by a mortgage on real property is six years (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
We disagree with the Supreme Court's determination denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first cause of action, which sought to recover damages for breach of the HELOC agreement dated June 7, 2001, and the third cause of action, which sought an award of attorney's fees pursuant to the terms of the HELOC agreement. In support of those branches of their motion, the defendants submitted the complaint in the instant action. The plaintiff alleged in the complaint that the action to foreclose the mortgage securing the HELOC was commenced "on or about June 29, 2009," and that, pursuant to the terms of that mortgage and the HELOC agreement, the mortgagee thereby "elected to call due the entire amount" secured by the mortgage. This action was commenced more than six years later, on November 30, 2016. Consequently, the defendants demonstrated that the time within which to commence an action with respect to the entire debt has expired (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., ___ AD3d ___, 2020 NY Slip Op 06749 [2d Dept]; Citimortgage, Inc. v Ford, 186 AD3d 1609). In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the time during which the prior foreclosure action was pending did not toll the running of the statute of limitations pursuant to CPLR 204(a) (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., ___ AD3d ___, 2020 NY Slip Op 06749; Citimortgage, Inc. v Ford, 186 AD3d 1609). To the extent that this Court's prior decision in Torsoe Bros. Constr. Corp. v McKenzie (271 AD2d 682) is to the contrary, that decision should no longer be followed.
Moreover, we disagree with the Supreme Court's determination denying that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which alleged unjust enrichment. "To state a cause of action to recover damages for unjust enrichment, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 19 [internal quotation marks omitted]). Here, the plaintiff failed to sufficiently allege that the defendants were enriched by the plaintiff's payment of $122,500 to HSBC pursuant to the settlement agreement between HSBC and Deutsche Bank.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court