Wells Fargo Bank N.A. v Cleophat (2021 NY Slip Op 01089)





Wells Fargo Bank N.A. v Cleophat


2021 NY Slip Op 01089


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-07267
2018-07268
 (Index No. 6843/15)

[*1]Wells Fargo Bank N.A., etc., respondent, 
v
Jerry Cleophat, et al., defendants, Claudiane Cherenfant, appellant.


Holly C. Meyer, Bohemia, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Claudiane Cherenfant appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 24, 2018, and (2) an order of the same court also entered January 24, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Claudiane Cherenfant, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, also granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Claudiane Cherenfant, to strike that defendant's answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Claudiane Cherenfant, to strike that defendant's answer, and for an order of reference are denied.
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Palacio, 187 AD3d 693, 695). Here, the plaintiff's submissions, including the affidavits of Maurreene D. Magdaleno, an employee of the plaintiff's loan servicer, failed to lay a proper foundation for the admission of a business record pursuant to CPLR 4518(a) (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 869; Bank of N.Y. Mellon v Weber, 169 AD3d 981, 984). Moreover, even if a proper foundation for the admissibility of the business records had been established, Magdaleno's assertions as to the contents of the business records she reviewed was inadmissable hearsay to the extent that the documents she described were not submitted with or even identified in her affidavits (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517; HSBC Bank USA, N.A. v Bazigos, 175 AD3d 1506).
In addition, the plaintiff failed to demonstrate, prima facie, that a notice of default in accordance with sections 15 and 22 of the mortgage was properly transmitted to the defendant Claudiane Cherenfant (hereinafter the defendant) prior to the commencement of this action (see U.S. [*2]Bank N.A. v Callender, 176 AD3d 1249, 1251; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983).
Moreover, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. The plaintiff failed to provide proof of the actual mailing of the 90-day notice required by RPAPL 1304, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Herzberg, 180 AD3d 952, 953-954). Further, Magdaleno, who asserted that the notices required under RPAPL 1304 were mailed, did not aver that she had mailed the notices herself (see Central Mtge. Co. v Canas, 173 AD3d 967, 969).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court