Deutsche Bank Natl. Trust Co. v Rivera (2021 NY Slip Op 07306)





Deutsche Bank Natl. Trust Co. v Rivera


2021 NY Slip Op 07306


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-05891
 (Index No. 705703/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Judith M. Rivera, as administrator of the estate of Rodolfo Rivera, respondent, et al., defendants.


Locke Lord LLP, New York, NY (Aileen E. McTiernan and Jackée Missick of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Christopher Newton and Franklin Romeo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered March 8, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Judith M. Rivera, as administrator of the estate of Rodolfo Rivera, which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action on April 13, 2018, against the defendant Judith M. Rivera, as administrator of the estate of Rodolfo Rivera (hereinafter the defendant), among others. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, on the ground that the six-year statute of limitations had expired. In support of the motion, the defendant submitted, among other things, the complaint in a prior action commenced by the plaintiff in January 2010 to foreclose the same mortgage (hereinafter the 2010 foreclosure action), in which the plaintiff elected to call due the entire amount secured by the mortgage, and evidence that the Supreme Court directed dismissal of the 2010 foreclosure action in an order entered August 18, 2015, due to the plaintiff's failure to comply with prior orders directing the filing of an order of reference. In opposition, the plaintiff submitted a letter dated September 3, 2015, purporting to de-accelerate the debt. In the order appealed from, the court, inter alia, granted that branch of the defendant's motion which was for summary judgment, determining, among other things, that the defendant established, prima facie, that the action was time-barred, and that in opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff appeals.
Generally, an action to foreclose a mortgage may be commenced to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action (see CPLR 213[4]). However, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see HSBC Bank USA, N.A. v Michael, [*2]191 AD3d 850; Bank of N.Y. Mellon v Ahmed, 181 AD3d 634, 635).
The defendant demonstrated that the six-year statute of limitations (see CPLR 213[4]) began to run on January 25, 2010, when the plaintiff accelerated the mortgage debt and commenced the 2010 foreclosure action. Since the plaintiff did not commence the instant foreclosure action until more than six years later, the defendant sustained her initial burden of demonstrating, prima facie, that this action was untimely (see HSBC Bank USA, N.A. v Michael, 191 AD3d 850; Bank of N.Y. Mellon v Ahmed, 181 AD3d at 635). The burden then shifted to the plaintiff to present admissible evidence demonstrating that the action was timely (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834; Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670).
In opposition, the plaintiff failed to raise a triable issue of fact, as the plaintiff's purported de-acceleration letter was offered as evidence without a proper foundation for its admission as a business record pursuant to CPLR 4518(a) (see Wells Fargo Bank N.A. v Cleophat, 191 AD3d 930; Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 908; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 210). In addition, the plaintiff failed to demonstrate that the purported de-acceleration letter was properly transmitted in accordance with section 15 of the mortgage, as the plaintiff tendered no evidence of a standard office mailing procedure and no independent evidence of the actual mailing (see Wells Fargo Bank N.A. v Cleophat, 191 AD3d 930; HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 820).
The plaintiff contends that because the original mortgagor died prior to commencement of the 2010 foreclosure action, rendering that action a nullity, the acceleration of the debt by the commencement of that action is also a nullity. Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the record, and if brought to the attention of the Supreme Court could not have been avoided (see Guy v Hatsis, 107 AD3d 671, 671-672). Accordingly, we reach the issue and determine that, contrary to the plaintiff's contention, the fact that the original mortgagor died prior to commencement of the 2010 foreclosure action, while rendering the 2010 foreclosure action "a legal nullity from its inception" (Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906; see Matter of Foreclosure of Tax Liens, 165 AD3d 1112, 1117), did not revoke or invalidate, or otherwise destroy, the plaintiff's express invocation of the contractual election to accelerate the debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774; Wells Fargo Bank, N.A. v Torres, 187 AD3d 825).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., BRATHWAITE NELSON, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court