Wilmington Sav. Fund Socy., FSB v Burgress (2024 NY Slip Op 06002)

Wilmington Sav. Fund Socy., FSB v Burgress

2024 NY Slip Op 06002

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-09303
 (Index No. 135415/17)

[*1]Wilmington Savings Fund Society, FSB, respondent, 
v
Theresa Virginia Burgress, etc., et al., defendants, Carolyn Cordelia Miles Brown, etc., appellant.

Carolyn Cordelia Miles, sued herein as Carolyn Cordelia Miles Brown, Staten Island, NY, appellant pro se.
Hinshaw & Culbertson LLP (J. Robbin Law PLLC, Armonk, NY [Jonathan M. Robbin and Austin O'Brien], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carolyn Cordelia Miles Brown appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 2, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants Carolyn Cordelia Miles Brown and Theresa Virginia Burgress which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carolyn Cordelia Miles Brown as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Carolyn Cordelia Miles Brown and Theresa Virginia Burgress which was for summary judgment dismissing the complaint insofar as asserted against Carolyn Cordelia Miles Brown as time-barred is granted.
In June 2009, the plaintiff's predecessor in interest commenced an action against, among others, Etta Miles (hereinafter the decedent) to foreclose a mortgage encumbering certain real property located in Staten Island (hereinafter the 2009 foreclosure action). The 2009 foreclosure action was marked off the Supreme Court's calendar. In 2017, the plaintiff commenced this action against the defendant Carolyn Cordelia Miles Brown, among others, to foreclose the mortgage. Thereafter, Brown and the defendant Theresa Virginia Burgress (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Brown as time-barred. The plaintiff opposed. In an order dated December 2, 2020, the court, among other things, denied that branch of the motion. Brown appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Even if a mortgage is payable in installments, once a noteholder elects to accelerate the debt, the entire amount is due and the statute of limitations begins to run on the entire debt" (Federal Natl. Mtge. Assn. v Metz, 214 AD3d 709, 710; see U.S. Bank N.A. v Doura, 204 AD3d 721, 723). "[T]o be valid, an election to accelerate must be made by an unequivocal overt act that discloses the noteholder's choice, such as the filing of a verified complaint seeking foreclosure and [*2]containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (Federal Natl. Mtge. Assn. v Metz, 214 AD3d at 710 [internal quotation marks omitted]).
Here, in support of the defendants' motion, Brown established, prima facie, that the mortgage debt was accelerated in 2009 when the plaintiff's predecessor in interest commenced the 2009 foreclosure action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d 1006, 1007). Brown demonstrated that since this action was commenced in 2017, this action was time-barred by the applicable six-year statute of limitations (see id.).
In opposition, the plaintiff failed to raise a triable issue of fact (see id. at 1007-1008). Contrary to the plaintiff's contention, the fact that the decedent died prior to commencement of the 2009 foreclosure action "did not revoke or invalidate, or otherwise destroy, [the] express invocation of the contractual election to accelerate the debt" (Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 219 AD3d 870, 871 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Brown as time-barred.
Brown's remaining contentions either need not be reached in light of our determination or are without merit (see Wilmington Trust Co. v Yonkus, 224 AD3d 863, 865; U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1073).
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court