Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc. (2025 NY Slip Op 04039)

Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc.

2025 NY Slip Op 04039

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
BARRY E. WARHIT, JJ.

2020-02710 ON MOTION
 (Index No. 520221/19)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Avenue Basin Management, Inc., appellant, et al, defendants.

DECISION & ORDER
On the Court's own motion, it is
ORDERED that the decision and order of this Court dated December 28, 2022 (Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc., 211 AD3d 1085), in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Mark S. Anderson and Matthew J. Routh of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Avenue Basin Management, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 27, 2020. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On September 13, 2019, the plaintiff commenced this mortgage foreclosure action against the defendant Avenue Basin Management, Inc. (hereinafter the defendant), among others. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the ground that the six-year statute of limitations had expired. In support of the motion, the defendant submitted evidence of a prior action to foreclose the same mortgage, commenced on or about August 12, 2013 (hereinafter the 2013 foreclosure action), in which the plaintiff's predecessor in interest elected to call due the entire amount secured by the mortgage, and evidence that the Supreme Court dismissed the 2013 foreclosure action without prejudice on the ground that the action had been improperly commenced against a deceased person. In an order dated January 27, 2020, the Supreme Court denied the defendant's motion, finding that even if the mortgage debt was accelerated, the action was timely pursuant to CPLR 205(a). The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]; Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 146). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitation on the entire debt" (Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 670 [internal quotation marks omitted]; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21). One of the ways to accelerate a mortgage debt is through the commencement of a foreclosure action in which the verified complaint includes an election to exercise the mortgagor's [*2]contractual right to accelerate under the terms of the note and mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d at 20-22; Knox v Countrywide Home Loans, Inc., 205 AD3d 792, 794). "[T]he fact of election should not be confused with the notice . . . of such election. While the act evincing the noteholder's election must be sufficient to constitute notice to all third parties of such a choice, a borrower's lack of actual notice does not as a matter of law destroy the effect of the election. Put another way, the point at which a borrower has actual notice of an election to accelerate is not the operative event for purposes of determining when the statute of limitations begins to run. . . . The determinative question is . . . whether the contractual election was effectively invoked" (Freedom Mtge. Corp. v Engel, 37 NY3d at 22-23 [alterations, citations, and internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774, 776).
Here, the defendant demonstrated that the six-year statute of limitations began to run on August 12, 2013, upon the commencement of the 2013 foreclosure action. Since the plaintiff did not commence the instant action until September 13, 2019, the defendant established, prima facie, that the instant action is time-barred (see Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d 1006, 1008; Citimortgage, Inc. v Ford, 186 AD3d 1609, 1609-1610; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197).
Nonetheless, the Supreme Court concluded that the plaintiff was entitled to the benefit of CPLR 205(a), as this action was commenced within six months of the dismissal of the 2013 foreclosure action. The arguments raised by the defendant regarding the court's application of CPLR 205(a) are without merit.
The defendant's remaining contention is improperly raised for the first time on appeal.
The plaintiff's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P.,GENOVESI, MILLER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court