US Bank N.A. v Fisher (2025 NY Slip Op 51321(U))

[*1]

US Bank N.A. v Fisher

2025 NY Slip Op 51321(U)

Decided on August 25, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 25, 2025
Supreme Court, Suffolk County

US Bank National Association, AS TRUSTEE, 
 FOR THE BANC OF AMERICA FUNDING 2006-J TRUST, Plaintiff,

against
Kathymarie T. Fisher, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF HAROLD FISHER; JUSTIN R. FISHER, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF HAROLD FISHER; SAMANTHA FISHER, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF HAROLD FISHER; KELLY MARIE FISHER, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF HAROLD FISHER; HEIRS AND DISTRIBUTEES OF THE ESTATE OF HAROLD FISHER; U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF ELIZON MASTER PARTICIPATION TRUST I; MICHAEL NOON; CLERK OF THE SUFFOLK COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY; PETER MAKRIS; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; UNITED STATES OF AMERICA, 
 "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporation, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 628164/2024

Plaintiff's Attorney
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, New York 11590
Attorney for Defendant Kathymarie T. Fisher
Michael G. Walsh, Esq.
860 Montauk Highway, Unit 4
Water Mill, New York 11976
Attorney for Defendant Peter Makris
Peter Frieberg, Esq.
701 Poydras Street
New Orleans, Louisiana 70139

C. Stephen Hackeling, J.

Upon all papers filed in this action [NYSCEF Doc. Nos. 1-63] and defendant, Peter Makris, having moved this Court pursuant to a Notice of Motion dated April 7, 2025 (mot. seq. no. 001) seeking an Order (i) dismissing this action pursuant to CPLR §3211(a)(5) as barred by the statute limitations, and (ii) directing the Suffolk County Clerk to cancel the Notice of Pendency, and (iii) pursuant to RPAPL §1501(4) canceling and discharging of record plaintiff's mortgage lien; and defendant Kathymarie T. Fisher, by Notice of Cross-Motion (mot. seq. no. 002) dated July 3, 2025, [NYSCEF Doc Nos. 40-41 and 50-51] moves for an Order (a) dismissing the case based upon the expiration of the statute of limitations, (b) cancelling the Notice of Pendency, and (c) cancelling and discharging the mortgage lien; and plaintiff, US Bank National Association, as Trustee for the Bank of America Funding Corporation 2006-J Trust (hereafter "the Bank") having filed opposition thereto on July 9, 2025 [NYSCEF Doc. Nos. 53-60]; and defendant, Peter Makris, having filed a Reply on July 14, 2025 [NYSCEF Doc. No. 61]; and oral argument having been held on July 16, 2025 before the Honorable C. Stephen Hackeling, J.S.C., and upon all of the prior proceedings and after due deliberation, it is
ORDERED that defendant Peter Makris's motion (sequence no. 001) to dismiss and Kathymarie T. Fisher's Cross-Motion (sequence no. 002) to dismiss plaintiff's complaint are denied.
 Undisputed Facts
The Bank commenced a foreclosure action (hereafter "the First Action") against the deceased borrower Harold Fisher (hereafter "the Borrower") under Index No. 024828/2012 on August 14, 2012. In the complaint, the Bank alleged that a default of the mortgage debt occurred on February 11, 2011, and that the Bank therein accelerated all sums due under the note. The Borrower however predeceased the commencement of the First Action by his passing on June 26, 2012. The Supreme Court issued an Order dated September 3, 2019 (Hudson, A.J.) declaring the First Action a "nullity" under CPLR §3211(a)(3) because the Bank "lacked the capacity to sue" a deceased party [NYSCEF Doc. No. 44]. For an undisclosed reason, a final judgment was not entered until August 16, 2024. However, less than three months later, the Bank commenced the above-captioned action (hereafter "the Second Action") on November 8, 2024, against the Borrower's heirs; the heirs were served within six months after termination of the First Action [See NYSCEF Doc. Nos. 15, 17, 19, 31].

Decision
Defendant Peter Makris, a judgment creditor, moves to dismiss the Second Action under CPLR § 3211(a)(5). He asserts that the Second Action is barred by the statute of limitations under CPLR § 213(4). In a similar vein, defendant Kathymarie T. Fisher, by Notice of Cross-Motion seeks an order dismissing the case under CPLR §§3211(a)(2), (5) and (8).[FN1]

The Bank advances two arguments to survive dismissal because of the alleged expiration of the six-year statute of limitations under CPLR §213. First, the Bank argues that because the First Action was declared a "nullity," its attempt to accelerate the debt in the complaint must also be a nullity. Accordingly, the Bank argues, the six-year statute of limitations was not triggered upon the filing of the complaint in the First Action.
Second, the Bank asserts that even if acceleration occurred in the First Action's complaint, the Second Action was timely commenced under CPLR § 205-a (a)'s six-month savings clause. It asserts that the Second Action was timely commenced when it filed the summons and complaint on November 8, 2024 - less than three months after the termination of the First Action on August 16, 2024.
The first argument is easily disposed of as the Second Department Appellate Division has unequivocally determined that an acceleration of a mortgage note via filing of a foreclosure complaint is effective even though the action is dismissed as being deemed a nullity. "Contrary to the plaintiff's contention, the fact that the original mortgagor died prior to commencement of the 2010 foreclosure action, while rendering the 2010 foreclosure action 'a legal nullity from its inception' (Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906 (2d Dept. 2019), did not revoke or invalidate, or otherwise destroy, plaintiff's express invocation of the contractual election to accelerate the debt." Deutsche Bank v Rivera, 200 AD3d 1006 (2d Dept. 2021). See also Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774 (2d Dept. 2021). As such, even though the Borrower was deceased when the First Action was commenced, and the Court deemed the case a nullity, the debt was accelerated by the filing of the complaint in the First Action.
The Bank's second argument - that it is entitled to invoke the CPLR §205-a savings provision - has merit. As the Borrower's obligation under the note was accelerated on February 11, 2011, the statute of limitations expired in February 2017, absent the applicability of any tolls or invoking the CPLR § 205-a(a) savings provisions. The Bank raised the savings provision in its papers [See NYSCEF Doc. No. 57]. As discussed below, CPLR §205-a applies in this case.
CPLR § 205-a(a) applies to real property foreclosure actions and provides as follows:
(a) If an action upon an instrument described under subdivision four of section two hundred thirteen of this article is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in subdivision three of section thirty-one hundred twenty-six, section thirty-two hundred fifteen, rule thirty-two hundred sixteen and rule thirty-four [*2]hundred four of this chapter, for violation of any court rules or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, or upon a final judgment upon the merits, the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period.
(emphasis added).
Synthesized down to its most common denominator, The Foreclosure Abuse Prevention Act amended the previous CPLR § 205-a savings provision to except refiling of foreclosure actions where the first action was dismissed due to the Bank's neglect. See Wells Fargo Bank NA v Caffaso, 223 AD3d 695 (2d Dept. 2024), Pryce v US Bank NA, 226 AD3d 711 (2d Dept. 2024); US Bank NA v. Armand, 220 AD3d 963 (2d Dept 2023).
In the case at bar, the First Action was dismissed (without reference to prejudice) pursuant to CPLR § 3211(a)(3) as it involved a complaint where "the party asserting the cause of action has no legal capacity to sue." [See NYSCEF Doc. No. 44]. Indeed, "lack of capacity to sue" is not one of the neglect reasons stated in CPLR § 205-a. As such, the six month "savings clause" is available to the Bank thereby permitting it to refile its complaint. Here, the Bank did in fact file and serve the summons and complaint in this action within its new six-month statute of limitations period.
Finally, defendant Kathymarie T. Fisher argues that the Bank is estopped from arguing that the debt was not validly accelerated prior to, or by way of commencement of the First Action under CPLR §213(4)(b).[FN2]
Having determined that the debt was indeed accelerated on February 11, 2011, this estoppel argument fails as being irrelevant. Similarly, defendants' request to cancel and discharge the mortgage under Article 15 is denied as moot and as procedurally improper. Neither defendant asserted a counterclaim under Article 15.
Accordingly, defendants' applications to dismiss the Bank's complaint pursuant to CPLR § 3211(a)(5) are denied.
Dated: August 25, 2025
HON. C. STEPHEN HACKELING, J.S.C.

Footnotes

Footnote 1:Defendant Kathymarie T. Fisher's cross-motion is apparently a cut-and-paste from a previous affirmation filed in the First Action [see NYSCEF Doc. 51 at ¶¶9, 13, 15, 16-22]; such arguments failing to relate to any issues raised in the cross-motion but rather appear to be responding to a motion filed by plaintiff in the First Action including her request for relief under CPLR 3211(a)(2) and (a)(8). As such, only defendant's CPLR §3211(a)(5) argument is addressed.
Footnote 2:CPLR 213(4)(b) states "In any action seeking cancellation and discharge of record of an instrument described under subdivision four of section fifteen hundred one of the real property actions and proceedings law, a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."