Flagstar Bank, FSB v Hart (2020 NY Slip Op 03217)





Flagstar Bank, FSB v Hart


2020 NY Slip Op 03217


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-10353
 (Index No. 4536/11)

[*1]Flagstar Bank, FSB, respondent, 
v
Timothy K. Hart, et al., appellants, et al., defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellants.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Christian Fletcher, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Timothy K. Hart and Marie C. Hart appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated August 16, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, for summary judgment dismissing their affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Timothy K. Hart and Marie C. Hart, for summary judgment dismissing the affirmative defense in those defendants' amended answer which alleged failure to provide notice in compliance with RPAPL 1303, and to appoint a referee to compute the amount due to the plaintiff, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.
The plaintiff commenced this action against the defendants Timothy K. Hart and Marie C. Hart (hereinafter together the Harts), among others, to foreclose a mortgage on residential property located in Suffolk County. The Harts interposed an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing and failure to provide notice in compliance with RPAPL 1303. After discovery, the plaintiff moved, inter alia, for summary judgment on the complaint, for summary judgment dismissing their affirmative defenses and counterclaims, and for an order of reference. The Harts opposed the motion. In an order dated August 16, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The Harts appeal.
Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing as part of its prima facie case in order to establish entitlement to judgment as a matter of law (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 556; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action by [*2]demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Here, the plaintiff, which was the original lender, established its standing as the holder of the note by submitting the affidavit of an employee, which demonstrated that, notwithstanding the fact that the plaintiff had endorsed the note in blank, it had retained possession of the note and possessed it at the time that this action was commenced (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d at 556; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903, 904). In opposition, the Harts failed to raise a triable issue of fact as to the plaintiff's standing.
The plaintiff, however, failed to establish that it provided notice in compliance with RPAPL 1303. That statute requires the foreclosing party to deliver, along with the summons and complaint, a notice titled "Help for Homeowners in Foreclosure" in residential foreclosure actions involving owner-occupied, one-to-four family dwellings (RPAPL 1303[3]). The statute mandates that the notice include specific language relating to the summons and complaint, sources of information and assistance, rights and obligations, and foreclosure rescue scams (see RPAPL 1303[3]). It also mandates that the notice be in bold, 14—point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20—point type (see RPAPL 1303[2]). "Proper service of the notice required by RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664; see US Bank N.A. v Nelson, 169 AD3d 110, 118; Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 102; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 169).
Here, in support of its motion, the plaintiff submitted the process server's affidavit indicating that a notice was served with the summons and complaint. However, the plaintiff did not submit a copy of the RPAPL 1303 notice allegedly served, and the process server made no averments that the notice served complied with the requirements of RPAPL 1303 concerning content and form. The plaintiff, therefore, failed to demonstrate, prima facie, that it complied with RPAPL 1303 (see Central Mtge. Co. v Abraham, 150 AD3d 961, 962; cf. US Bank N.A. v Sims, 162 AD3d 825, 826).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Harts, for summary judgment dismissing the affirmative defense in their amended answer which alleged failure to provide notice in compliance with RPAPL 1303, and to appoint a referee to compute the amount due to the plaintiff.
The Harts' arguments concerning RPAPL 1304 are without merit. In light of our determination, we need not reach the Harts's remaining contentions.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court