Bank of Am., N.A. v Lauro (2020 NY Slip Op 04531)





Bank of Am., N.A. v Lauro


2020 NY Slip Op 04531


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-10265 
2018-10267
2019-02540
 (Index No. 64769/13)

[*1]Bank of America, N.A., respondent,
v
Jamie Lauro, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Heather Elizabeth Saydah of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jamie Lauro appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 14, 2018, (2) an order of the same court also dated June 14, 2018, and (3) a judgment of foreclosure and sale of the same court dated January 14, 2019. The first order dated June 14, 2018, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Jamie Lauro, to strike that defendant's answer, and for an order of reference. The second order dated June 14, 2018, among other things, appointed a referee. The judgment of foreclosure and sale, upon the orders, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the orders dated June 14, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jamie Lauro, to strike that defendant's answer, and for an order of reference are denied, the orders dated June 14, 2018, are modified accordingly, and the answer of the defendant Jamie Lauro is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jamie Lauro.
The appeals from the orders dated June 14, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On December 20, 2013, the plaintiff commenced the instant action against the [*2]defendant Jamie Lauro (hereinafter the defendant) and others to foreclose a mortgage securing a loan in the amount of $350,000. The defendant served an answer raising various affirmative defenses, including non-compliance with RPAPL 1303, 1304, and 1306. In February 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In two orders, both dated June 14, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and directed the appointment of a referee. The defendant appeals.
RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure," with specified type size and colored paper, be delivered with the summons and complaint in residential foreclosure actions involving owner-occupied, one-to-four family dwellings (see CitiMortgage, Inc. v Goldberg, 179 AD3d 1006; Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833). "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Onewest Bank, N.A. v Mahoney, 154 AD3d at 771; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 98). Here, contrary to the defendant's contention, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 by submitting two affidavits of service, in which the process server attested that he served the defendant with the summons and complaint, together with the notice required by RPAPL 1303 printed on yellow paper; the title of the notice was in bold 20-point type; and the text of the notice was in bold 14-point type (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827-828; Onewest Bank, N.A. v Mahoney, 154 AD3d at 772). However, in opposition, the defendant raised a triable issue of fact with respect to whether the RPAPL 1303 notice was in the proper form, as he asserted in his affidavit that the notice with which he was served "was on white colored paper, the same color papers as the summons and complaint and the heading entitled Help for Homeowners in Foreclosure' was smaller than twenty-point type" (see Central Mtge. Co. v Abraham, 150 AD3d 961).
The plaintiff also failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). Here, contrary to the plaintiff's contention, the affidavit of Lorene Alford Marsh, an Assistant Vice President of the plaintiff, was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304. Although Marsh attested that the 90-day notices of default were sent to the defendant by certified mail and first-class mail on March 8, 2013, and attached copies of those notices, the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailings actually occurred (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Nor did Marsh attest that she had personal knowledge of the mailing practices of her employer at the time the RPAPL 1304 notices allegedly were sent. Instead, she merely stated that she had personal knowledge of the plaintiff's procedures for creating and maintaining notices mailed in connection with the loan. Moreover, rather than establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed, Marsh, in her affidavit, merely described the mailing requirements listed in the statute (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
In light of our determination, we need not reach the defendant's remaining contentions, including whether the plaintiff established, prima facie, that it complied with RPAPL [*3]1306 prior to commencing the action.
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court