HSBC Bank USA, N.A. v Viverito (2020 NY Slip Op 07176)





HSBC Bank USA, N.A. v Viverito


2020 NY Slip Op 07176


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-13427
 (Index No. 611746/17)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Thomas A. Viverito, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Thomas A. Viverito appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 4, 2018. The order, insofar as appealed from, denied that branch of the cross motion of the defendant Thomas A. Viverito which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 30, 2007, the defendant Thomas A. Viverito (hereinafter the defendant) executed a note in favor of Lehman Brothers Bank, FSB, in the sum of $618,000. The note was secured by a mortgage on real property located in West Islip. In 2009, Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB, assigned the mortgage to Aurora Loan Services, LLC. In 2012, Aurora Loan Services, LLC, assigned the mortgage to Nationstar Mortgage LLC (hereinafter Nationstar). On February 10, 2017, Nationstar assigned the mortgage to the plaintiff.
By summons and complaint dated June 22, 2017, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint. The defendant cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of standing and for failure to comply with RPAPL 1304 and 1306. The plaintiff subsequently withdrew its motion. The Supreme Court, inter alia, denied that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him. The defendant appeals.
"A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d 783, 784). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (id. at 784-[*2]785 [internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination that the defendant was not entitled to dismissal of the complaint insofar as asserted against him for lack of standing. In support of his cross motion, defendant submitted the affidavit of Daphne Proctor, a document execution specialist at Nationstar. Proctor averred that Nationstar, as the plaintiff's agent, came into possession of the note, which was endorsed in blank, on June 24, 2016, and that Nationstar continued to hold the note on the date of the commencement of this action. Proctor further averred that she had attached a copy of the note to her affidavit. The plaintiff included Proctor's affidavit, with the exhibits attached, in its opposition to the defendant's cross motion. In light of this evidence that the plaintiff possessed the note at the commencement of this action (see U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d at 784-785; U.S. Bank N.A. v Ehrenfeld, 144 AD3d 893, 894), the defendant failed to establish, prima facie, that the plaintiff lacked standing (see Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1021).
The defendant's remaining contentions, regarding RPAPL 1304 and 1306, are without merit, as he did not "affirmatively demonstrate that the plaintiff failed to strictly comply with" these provisions (HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 926).
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court