US Bank N.A. v Bamba (2020 NY Slip Op 07422)





US Bank N.A. v Bamba


2020 NY Slip Op 07422


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-04578
 (Index No. 24526/08)

[*1]US Bank National Association, etc., appellant,
v
Vassamouke Bamba, etc., respondent, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon LLP, Bay Shore, NY (Keith Abramson of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 1, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vassamouke Bamba, to strike that defendant's answer, and for an order of reference, and granted the cross motion of the defendant Vassamouke Bamba for summary judgment dismissing the complaint insofar as asserted against him and to cancel the notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Vassamouke Bamba for summary judgment dismissing the complaint insofar as asserted against him and to cancel the notice of pendency, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Vassamouke Bamba (hereinafter the defendant) to secure a note in the amount of $536,800. The defendant interposed an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including failure to provide notice in compliance with RPAPL 1303. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for the appointment of a referee to compute the amount due and owing to it, based, among other things, on the affidavit of a process server indicating that notice in compliance with RPAPL 1303 on colored paper was served upon the defendant. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, based on his denial of receipt of notice pursuant to RPAPL 1303, and to cancel the notice of pendency. In the order appealed from, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
RPAPL 1303 "requires the foreclosing party to deliver, along with the summons and complaint, a notice titled 'Help for Homeowners in Foreclosure' in residential foreclosure actions involving owner-occupied, one-to-four family dwellings. The statute mandates that the notice include specific language relating to the summons and complaint, sources of information and [*2]assistance, rights and obligations, and foreclosure rescue scams. It also mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Flagstar Bank, FSB v Hart, 184 AD3d 626, 627-628 [citations omitted]). "Proper service of the notice required by RPAPL 1303 . . . is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664).
The plaintiff failed to establish, prima facie, that it provided notice in compliance with RPAPL 1303, since it failed to submit a copy of the RPAPL 1303 notice that was served upon the defendant, and the process server's affidavit of service did not indicate that the notice served complied with all of the requirements of RPAPL 1303, including the proper typeface (see Flagstar Bank, FSB v Hart, 184 AD3d at 628; cf. US Bank N.A. v Hunte, 176 AD3d 894; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 828). Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
However, the Supreme Court should not have granted the defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In support of his cross motion, the defendant failed to establish, prima facie, that the plaintiff did not properly serve him with notice pursuant to RPAPL 1303. The defendant merely pointed to gaps in the plaintiff's proof and his bare denial of the receipt of the notice pursuant to RPAPL 1303. That was insufficient (see PennyMac Corp. v Khan, 178 AD3d 1064, 1066; Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; Deutsche Bank Nat. Trust Co. v Spanos, 102 AD3d 909). Therefore, the court should have denied the defendant's cross motion.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court