MTGLQ Invs., L.P. v Cutaj (2022 NY Slip Op 00858)





MTGLQ Invs., L.P. v Cutaj


2022 NY Slip Op 00858


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-10389
 (Index No. 63677/15)

[*1]MTGLQ Investors, L.P., respondent,
v
Augustin Cutaj, et al., appellants, et al., defendant.


Michael Kennedy Karlson, New York, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Augustin Cutaj and Lillian Cutaj appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 18, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 8, 2018, inter alia, granting those branches of the motion of HSBC Bank USA, N.A., the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and dismiss their affirmative defenses, for an order of reference, and to amend the caption to substitute MTGLQ Investors, L.P., as the plaintiff, and an order of the same court dated April 18, 2019, among other things, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the motion of HSBC Bank USA, N.A., which were for summary judgment on the complaint insofar as asserted against the defendants Augustin Cutaj and Lillian Cutaj, to strike their answer and dismiss their affirmative defenses, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders dated May 8, 2018, and April 18, 2019, are modified accordingly.
On or about August 21, 2015, HSBC Bank USA, N.A. (hereinafter HSBC), commenced this action against the defendants Augustin Cutaj and Lillian Cutaj (hereinafter together the defendants), among others, to foreclose a mortgage on residential property in Mamaroneck. The defendants interposed an answer in which they asserted various affirmative defenses. By assignment of mortgage dated July 9, 2017, HSBC assigned the mortgage to MTGLQ Investors, L.P. (hereinafter MTGLQ). Thereafter, HSBC moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and dismiss their affirmative defenses, for an order of reference, and to amend the caption to substitute MTGLQ as the plaintiff. The defendants opposed the motion. In an order dated May 8, 2018, the Supreme Court granted the motion, amended the caption to substitute MTGLQ as the plaintiff, and appointed a referee.
In December 2018, MTGLQ moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. In an order dated April 18, 2019, the Supreme Court granted MTGLQ's motion. In an order and judgment of foreclosure and sale, also dated April 18, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the premises. The defendants appeal.
The defendants argue that the Supreme Court erred in granting HSBC's motion, inter alia, for summary judgment because HSBC failed to establish its strict compliance with RPAPL 1304, failed to establish that it sent them a notice of default as required under the terms of the mortgage, and failed to demonstrate that MTGLQ had standing to continue the action in HSBC's place. Contrary to MTGLQ's contention, these contentions are not barred by the doctrines of res judicata and law of the case but are properly brought up for review on this appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
As the defendants correctly contend, HSBC failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, HSBC submitted, among other things, a copy of a 90-day notice dated November 12, 2014, addressed to the defendants at the address of the mortgaged premises, and a certified mail receipt. However, the copy of the notice contains no indication that it was sent by registered or certified mail, or by first class mail (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658), and the certified mail receipt is not postmarked (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663). HSBC also submitted the affidavit of Michael Bennett, an assistant secretary of Rushmore Loan Management Services, LLC, MTGLQ's loan servicer and attorney-in-fact, along with the affidavit of William Folck, an assistant vice president of PHH Mortgage Corporation, HSBC's loan servicer. However, Bennett's assertions in his affidavit that RPAPL 1304 notice was sent to the defendants on November 12, 2014, at the address of the mortgaged premises, "by registered or certified and first-class mail," were unsubstantiated and conclusory (see Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 989; U.S. Bank N.A. v Moulton, 179 AD3d 734, 739). Moreover, Folck, in his affidavit, merely described the mailing requirements listed in the statute. Thus, Folck's affidavit was insufficient to constitute proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Bank of Am., N.A. v Lauro, 186 AD3d 659, 660-661; Citibank, N.A v Conti-Scheurer, 172 AD3d 17, 21).
Since HSBC failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, it failed to establish, prima facie, its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Moulton, 179 AD3d at 739). For the same reason, HSBC failed to establish, prima facie, that a notice of default in accordance with sections 15 and 22 of the mortgage was properly transmitted to the defendants prior to the commencement of this action (see Heartwood 2, LLC v DeBrosse, 197 AD3d 1152; Bank of N.Y. Mellon v DeLoney, 197 AD3d 548; Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 971).
Accordingly, the Supreme Court should have denied those branches of HSBC's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and dismiss their affirmative defenses, and for an order of reference (see Wells Fargo Bank N.A. v Cleophat, 191 AD3d 930, 932).
However, the Supreme Court properly granted that branch of HSBC's motion which was to amend the caption and substitute MTGLQ as the plaintiff, as HSBC established that its interest in the note was assigned to MTGLQ subsequent to the commencement of the action (see Federal Natl. Mtge. Assn. v Nugent, 187 AD3d 716, 718; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 983-984).
The defendants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court