U.S. Bank Trust, N.A. v Chiramannil (2022 NY Slip Op 03270)

U.S. Bank Trust, N.A. v Chiramannil

2022 NY Slip Op 03270

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-02313
 (Index No. 612124/19)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Annamma Chiramannil, etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Richard O'Brien of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Annamma Chiramannil appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated January 6, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Annamma Chiramannil (hereinafter the defendant), among others, to foreclose a mortgage on real property in Coram. After the defendant joined issue and the matter was released from the mandatory foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff lacked standing and failed to comply with RPAPL 1303, 1304, and 1306. In an order dated January 6, 2020, the Supreme Court, inter alia, granted the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals, arguing that the plaintiff failed to establish its compliance with statutory conditions precedent to foreclosure.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of [a] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837 [internal quotation marks omitted]). Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee "shall file" certain information with the superintendent of financial services, including "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue" (id. § 1306[1], [2]). "Any complaint served in a proceeding initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (id. § 1306 [1]). A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306 (see Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671). As it is with RPAPL 1304, compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action (see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707).
Contrary to the plaintiff's contention, a defense based on noncompliance with RPAPL 1304 may be raised at any time prior to the entry of a judgment of foreclosure and sale (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207). Thus, the defendant properly raised failure to comply with RPAPL 1304 in opposition to the summary judgment motion, even though it was not asserted in her answer (see U.S. Bank N.A. v Powell, 187 AD3d 1238, 1240; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720). Nevertheless, where, as here, a defendant raises failure to comply with RPAPL 1304 for the first time in opposition to a summary judgment motion, a plaintiff may establish that it complied with RPAPL 1304 by presenting evidence of compliance in its reply papers (see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 48; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). In this case, the plaintiff established its compliance with RPAPL 1304 by submitting copies of the notices themselves and the affidavit of an employee of its loan servicer, who averred that the required notice was sent by both certified mail and first-class mail, and further attested to a standard office mailing procedure which was adhered to in this case (see Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680). The plaintiff additionally demonstrated, prima facie, its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128).
Contrary to the defendant's further contention, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1303 by submitting an affidavit of service in which the process server attested that he served the defendant with the summons, complaint, and notice of pendency, along with a notice printed on colored paper that is other than the color of the summons and complaint, in compliance with RPAPL 1303, as well as a copy of the subject notice (see CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619; Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676).
In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court