Ditech Servicing, LLC v McFadden (2023 NY Slip Op 03452)

Ditech Servicing, LLC v McFadden

2023 NY Slip Op 03452

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03732
2020-03733
 (Index No. 23559/13)

[*1]Ditech Servicing, LLC, respondent, 
v
Peter McFadden, etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Peter McFadden appeals from two orders of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), both dated March 6, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter McFadden, to strike that defendant's answer and fifth and sixth affirmative defenses, and for an order of reference, and denied that defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306. The second order, insofar as appealed from, granted the same relief to the plaintiff, struck that defendant's answer and fifth and sixth affirmative defenses, and appointed a referee to compute the amount due on the subject note.
ORDERED that the first order dated March 6, 2020, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter McFadden, to strike that defendant's answer and fifth affirmative defense, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the first order dated March 6, 2020, is affirmed insofar as appealed from, and so much of the second order dated March 6, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter McFadden, to strike that defendant's answer and fifth affirmative defense, and for an order of reference, struck that defendant's answer and fifth affirmative defense, and appointed a referee to compute the amount due on the subject note is vacated; and it is further,
ORDERED that the appeal from so much of the second order dated March 6, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter McFadden, to strike that defendant's answer and fifth affirmative defense, and for an order of reference, struck that defendant's answer and fifth affirmative defense, and appointed a referee to compute the amount due on the subject note is dismissed as academic in light of our determination on the appeal from the first order dated March [*2]6, 2020; and it is further,
ORDERED that the second order dated March 6, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Peter McFadden.
On March 2, 2006, the defendant Peter McFadden (hereinafter the defendant) executed a note in the amount of $398,425 in favor of nonparty GMAC Mortgage Corporation (hereinafter GMAC). The note was secured by a mortgage on certain real property located in Suffolk County. Pursuant to several loan modification agreements, the defendant and GMAC agreed to increase the unpaid principal due to $417,709.38.
On September 3, 2013, Ocwen Loan Servicing, LLC (hereinafter Ocwen Servicing), GMAC's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In his answer, the defendant's fifth and sixth affirmative defenses alleged that Ocwen Servicing failed to comply with RPAPL 1304 and 1306, respectively.
Ocwen Servicing moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, for an order of reference, and to substitute Ditech Servicing, LLC, as the plaintiff in this action. In an order dated June 4, 2018, the Supreme Court, among other things, granted that branch of the motion which was to substitute Ditech Servicing, LLC, as the plaintiff in this action, and denied, with leave to renew, those branches of the motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and fifth and sixth affirmative defenses, and for an order of reference.
On October 1, 2018, the plaintiff, Ditech Servicing, LLC, inter alia, renewed those branches of Ocwen Servicing's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and fifth and sixth affirmative defenses, and for an order of reference. In support, the plaintiff submitted an affidavit of Richard J. Schwiner, a loan analyst employed by Ocwen Financial Corporation (hereinafter Ocwen Financial), "whose indirect subsidiary is the original named plaintiff in this action, [Ocwen Servicing]." Throughout his affidavit, Scwhiner referred to Ocwen Servicing exclusively as "Ocwen." Schwiner stated that he was familiar with the records and record-keeping practices of Ocwen Servicing, and that its records had incorporated GMAC's prior records for the subject loan.
Regarding Ocwen Servicing's compliance with RPAPL 1304 and 1306, Schwiner stated, inter alia, that "[i]t was the practice, policy, and procedure of Ocwen to contemporaneously enter a notation into the account notes of borrowers once the 90-Day Notice letters were sent by regular and certified mail." He stated that Ocwen Servicing's business records showed that such a contemporaneously entered notation was entered on March 14, 2013, showing that the RPAPL 1304 notice was sent to the defendant in accordance with New York State law. Schwiner attached the business records upon which he relied to his affidavit. He also attached a copy of the RPAPL 1306 filing statement from the New York State Banking Department.
The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306. In support of the cross-motion, the defendant submitted his own affidavit, in which he stated that Ocwen Servicing never mailed him an RPAPL 1304 notice.
In an order dated March 6, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and fifth and sixth affirmative defenses, and for an order of reference, and denied the defendant's cross-motion. In another order, also dated March 6, 2020, the court granted the same relief to the plaintiff, struck the defendant's answer and fifth and sixth affirmative defenses, and appointed a referee to compute the amount due on the note. The [*3]defendant appeals from both orders.
As the defendant correctly contends, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20), and "the plaintiff has the burden of establishing satisfaction of this condition" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309 [internal quotation marks omitted]). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
In support of its motion, the plaintiff submitted, among other things, a copy of a 90-day notice dated March 14, 2013, addressed to the defendant at the address of the mortgaged premises. However, the copy of the notice contains no indication that it was sent by registered or certified mail, or by first-class mail (see MTGLQ Invs., L.P. v Cutaj, 202 AD3d 778, 779-780). Nor is there "[a] copy of any United States Post Office document indicating that the notice was sent by registered or certified mail as required by the statute" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Although Schwiner stated his purported familiarity with the records and record-keeping practices of Ocwen Servicing, this carried no probative value, as Schwiner never stated that he worked for that entity. Schwiner further represented that Ocwen Servicing was an "indirect subsidiary" of his employer, Ocwen Financial; however, he failed to explain why that would have made him privy to the record-keeping practices utilized by Ocwen Servicing at the time that the 90-day notice was allegedly sent, which was more than 5½ years before Schwiner executed his affidavit. Morever, Schwiner did not attest to having any personal knowledge of, or familiarity with, Ocwen Servicing's actual standard mailing procedures during the relevant time period, which were designed to ensure that items are properly addressed and mailed (see Bank of Am., N.A. v Lauro, 186 AD3d 659, 661). Accordingly, Schwiner's assertion in his affidavit that the RPAPL 1304 notice was sent to the defendant on March 14, 2013, at the address of the mortgaged premises, "by registered or certified and first-class mail," was unsubstantiated and conclusory (see MTGLQ Invs., L.P. v Cutaj, 202 AD3d at 780; Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 989; U.S. Bank N.A. v Moulton, 179 AD3d 734, 739).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and fifth affirmative defense, and for an order of reference (see Wells Fargo Bank N.A. v Cleophat, 191 AD3d 930, 932).
RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee "shall file" certain information with the superintendent of financial services, including "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue" (id. § 1306[1], [2]). "Any complaint served in a proceeding initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (id. § 1306[1]). A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306 (see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 967; Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739).
In this case, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services (see MTGLQ Investors, L.P. v Assim, 209 AD3d 1006, 1008; U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d at 967). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendant's sixth affirmative defense, alleging a failure to comply with RPAPL 1306.
Contrary to the defendant's contention, the Supreme Court properly denied his cross-motion to dismiss the complaint insofar as asserted against him, as he failed to affirmatively demonstrate that the plaintiff did not comply with RPAPL 1304 or 1306 (see HSBC Bank USA, N.A. v Viverito, 189 AD3d 800, 801).
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court