Tri-State III, LLC v Litkowski (2025 NY Slip Op 03753)

Tri-State III, LLC v Litkowski

2025 NY Slip Op 03753

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-01402
 (Index No. 33977/11)

[*1]Tri-State III, LLC, respondent, 
v
Caren Litkowski, et al., appellants, et al., defendants.

Berg & David, PLLC, Inwood, NY (Abraham David of counsel), for appellants.
Bochner PLLC, New York, NY (Jeremy M. Doberman and Isaac M. Diskind of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Caren Litkowski and Nathan Litkowski appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Christie L. D'Alessio, J.), dated January 9, 2023. The order and judgment of foreclosure and sale, upon an order of the same court dated December 7, 2021, inter alia, granting those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing those defendants' affirmative defenses based on failure to comply with RPAPL 1303, 1304, and 1306, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In October 2006, the defendant Caren Litowski (hereinafter the borrower) executed a note in the principal sum of $620,000 in favor of Countrywide Bank, N.A. The note was secured by a mortgage on certain residential property located in Monsey. In November 2011, Bank of America, N.A. (hereinafter BANA) commenced this action against the defendant Nathan Litowski and the borrower (hereinafter together the defendants), among others, to foreclose the mortgage. The defendants interposed an answer. In December 2019, the plaintiff moved, inter alia, to substitute it for BANA and for summary judgment on the complaint insofar as asserted against the defendants and, in effect, dismissing the affirmative defenses and counterclaims asserted by the defendants. In an order dated December 7, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were to substitute it for BANA and for summary judgment, in effect, dismissing the defendants' affirmative defenses based on failure to comply with RPAPL 1303, 1304, and 1306. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale dated January 9, 2023, was entered, inter alia, directing the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale, arguing that it was error for the court to grant those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing their affirmative defenses based upon failure to comply with RPAPL 1303, 1304, and 1306. We affirm.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a [*2]condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 304[2]). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]).
In support of its motion, the plaintiff submitted, among other things, a transcript of the deposition testimony of Zachary Chromiak, an assistant vice president of BANA, who testified that the RPAPL 1304 notices were mailed to the borrower as evidenced by a transaction detail printout from the TrackRight System. According to Chromiak, TrackRight is a system created and maintained by LenderLive, a mailing vendor used by BANA. Chromiak testified that the system can be accessed by BANA employees, is regularly relied upon by BANA in the ordinary course of business, and is incorporated into BANA's business records. The transaction detail printout listed the certified and first-class mailings that were made to the borrower, including certified and first-class tracking numbers matching those appearing on the notices, the date of mailing, the postage fees paid, and the reported United States Postal Service status. Contrary to the defendants' contentions, the transaction detail was admissible inasmuch as an employee of BANA averred that it was incorporated into BANA's business records and routinely relied upon by BANA in conducting its business (see U.S. Bank N.A. v Romano, 231 AD3d 1079; U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374). Notably, since the plaintiff submitted prima facie proof of the actual mailing of the RPAPL 1304 notices, rather than seeking to prove mailing through an inference derived from routine business practices, the plaintiff was not required to submit proof of LenderLive's standard office mailing procedures, sworn to by someone with personal knowledge of those procedures (see U.S. Bank N.A. v Romano, 231 AD3d at 1080; cf. Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109). In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact (see U.S. Bank N.A. v Romano, 231 AD3d at 1083).
"'RPAPL 1303 requires the foreclosing party to deliver, along with the summons and complaint, a notice titled 'Help for Homeowners in Foreclosure' in residential foreclosure actions involving owner-occupied, one-to-four family dwellings. The statute mandates that the notice include specific language relating to the summons and complaint, sources of information and assistance, rights and obligations, and foreclosure rescue scams. It also mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type'" (PNC Bank, N.A. v Mone, 231 AD3d 977, 978-979, quoting US Bank N.A. v Bamba, 189 AD3d 1116, 1116-1117). "[T]he failure to comply [with RPAPL 1303] is a basis for dismissal of a complaint which may be raised at any time while the action is pending" (Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006 [internal quotation marks omitted]).
In support of its motion, the plaintiff submitted the affidavits of service in which the process server attested that she served the defendants with, inter alia, the summons and complaint and an RPAPL 1303 notice in bold 14-point type, printed on colored paper, with the title printed in 20-point type. While the plaintiff failed to include a copy of the RPAPL 1303 notice, the process server attested that the notice served complied with all of the requirements of RPAPL 1303. This was sufficient to establish, prima facie, that the plaintiff provided notice in compliance with RPAPL 1303 (see PNC Bank, N.A. v Mone, 231 AD3d at 979; HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 777). In opposition, the defendants failed to raise a triable issue of fact.
"RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee shall file [*3]certain information with the superintendent of financial services, including at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue" (Ditech Servicing, LLC v McFadden, 217 AD3d 923, 927 [internal quotation marks omitted]; see RPAPL 1306[1], [2]). Compliance with RPAPL 1306 is a condition precedent to commencing a foreclosure action (see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 967). "A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306" (Ditech Servicing, LLC v McFadden, 217 AD3d at 927).
The plaintiff demonstrated, prima facie, that the proof of filing statement was filed on February 17, 2011. The RPAPL 1304 notices were created on February 16, 2011, and mailed on February 22, 2011. Thus, contrary, to the defendants' contentions, the filing occurred within three business days of the mailing (see Bank of Am., N.A. v Colagrande, 171 AD3d 1124, 1125). The filing served the purposes of RPAPL 1306, which include monitoring the extent of foreclosure filings in the state and "identify[ing] distressed homeowners as soon as possible" in order to "target counseling help effectively and expeditiously" (Bank of Am., N.A. v Colagrande, 171 AD3d at 1125 [internal quotation marks omitted]). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing the defendants' affirmative defenses based on failure to comply with RPAPL 1303, 1304, and 1306.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court