Deutsche Bank Natl. Trust Co. v Williams (2025 NY Slip Op 05939)

Deutsche Bank Natl. Trust Co. v Williams

2025 NY Slip Op 05939

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-03189
 (Index No. 2092/11)

[*1]Deutsche Bank National Trust Company, etc., appellant-respondent, 
v
Delmore Williams, respondent-appellant, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for appellant-respondent.
Michael Kennedy Karlson, New York, NY, for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendant Delmore Williams cross-appeals, from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 28, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Delmore Williams, for an order of reference, and for leave to amend the caption to delete the defendants sued as John Doe #1 through John Doe #10. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defenses and counterclaims of the defendant Delmore Williams.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the caption to delete the defendants sued as John Doe #1 through John Doe #10, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the fourth affirmative defense of the defendant Delmore Williams, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Delmore Williams.
The plaintiff commenced this action against the defendant Delmore Williams (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant interposed an answer with various affirmative defenses and counterclaims, including a fourth affirmative defense, alleging lack of standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses and counterclaims, for an order of reference, and for leave to amend the caption to delete the defendants sued as John Doe #1 through John Doe #10. In opposition, the defendant contended, among other things, that the plaintiff failed to comply with RPAPL 1304. In an order dated March 28, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses and counterclaims, but denied those [*2]branches of the motion which were for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and for leave to amend the caption to delete the defendants sued as John Doe #1 through John Doe #10 on the ground, among others, that the plaintiff failed to establish its compliance with RPAPL 1304. The plaintiff appeals, and the defendant cross-appeals.
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see NS194, LLC v Gregg, 231 AD3d 1162, 1162). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established by proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (NS194, LLC v Gregg, 231 AD3d at 1162-1163 [alteration and internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. In support of its motion, the plaintiff submitted, inter alia, an affidavit from an employee of a law firm that purportedly represented the plaintiff's prior loan servicer, along with copies of a 90-day notice appearing on letterhead of the prior loan servicer. The employee's averments were insufficient to establish proof of the law firm's relationship with the prior loan servicer or the plaintiff's relationship with the prior loan servicer and, thus, were insufficient to demonstrate a standard office mailing procedure (see Ditech Servicing, LLC v McFadden, 217 AD3d 923, 926; Bank of Am., N.A. v Lauro, 186 AD3d 659, 661). Moreover, the copies of the 90-day notice appended to the employee's affidavit contradicted some of the employee's averments regarding the actual mailing. To the extent that the employee relied upon business records to acquire familiarity with the prior loan servicer's standard mailing practices and procedures or to confirm that those procedures were complied with here, those records were not attached to the affidavit (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 806; JPMorgan Chase Bank, N.A. v Bonilla, 227 AD3d 788, 790). Accordingly, the plaintiff failed to establish its strict compliance with RPAPL 1304. Thus, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference were properly denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's fourth affirmative defense, alleging lack of standing. A plaintiff establishes its standing to commence a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to the plaintiff prior to the commencement of the foreclosure action (see id. at 361; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 982).
Here, the plaintiff submitted the affidavit of an employee of the plaintiff's current loan servicer, who averred that he had reviewed certain records that demonstrated that the plaintiff was in possession of the note at the time that this action was commenced. However, none of the records attached to the affidavit established that the plaintiff was in possession of the note when it commenced this action. "Although the foundation for admission of a business record usually is provided by the testimony of the custodian . . . it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. v Levy, 231 AD3d 917, 919 [*3][alteration and internal quotation marks omitted]; see HSBC Bank USA, N.A. v Pacifico, 230 AD3d 571, 575). Thus, the plaintiff failed to establish, prima facie, its standing and that branch of its motion which was to dismiss the defendant's fourth affirmative defense should have been denied.
In addition, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the caption to delete the defendants sued as John Doe #1 through John Doe #10 (see Star201, LLC v Duran, 233 AD3d 726, 729; US Bank N.A. v Norgriff, 131 AD3d 527, 528-529).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court