Wilmington Sav. Fund Socy., FSB v Calhoun (2025 NY Slip Op 06357)

Wilmington Sav. Fund Socy., FSB v Calhoun

2025 NY Slip Op 06357

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2023-11000 
2024-13296
 (Index No. 711644/18)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Deborah A. Calhoun, etc., appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Knuckles & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Deborah A. Calhoun appeals from (1) an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered August 1, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Joseph J. Esposito, J.) entered November 1, 2024. The order granted the plaintiff's motion for leave to renew its opposition to the motion of the defendant Deborah A. Calhoun, which had been granted in an order of the same court (Lourdes M. Ventura, J.) entered January 25, 2023, for leave to renew her opposition to those branches of the plaintiff's prior motion, which had been granted in two orders of the same court (Salvatore J. Modica, J.) entered August 15, 2019, and September 18, 2019, which were for summary judgment on the complaint insofar as asserted against the defendant Deborah A. Calhoun, to strike that defendant's answer, and for an order of reference, and, upon renewal, vacated the order entered January 25, 2023, and thereupon, in effect, denied the motion of the defendant Deborah A. Calhoun. The order and judgment of foreclosure and sale, upon the orders entered August 15, 2019, September 18, 2019, and August 1, 2023, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered August 1, 2023, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Deborah A. Calhoun, to strike that defendant's answer, and for an order of reference are denied, and the orders entered August 15, 2019, and September 18, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Deborah A. Calhoun.
The appeal from the order entered August 1, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In July 2018, the plaintiff commenced this action against the defendant Deborah A. Calhoun (hereinafter the defendant), among others, to foreclose a mortgage on certain real property. The defendant served an answer raising various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304.
In February 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In orders entered August 15, 2019, and September 18, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion.
Thereafter, based on this Court's decision in Bank of Am., N.A. v Kessler (202 AD3d 10), the Supreme Court, in an order entered January 25, 2023, granted the defendant's motion for leave to renew her opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and, upon renewal, denied those branches of the plaintiff's motion.
Then, after the Court of Appeals reversed this Court's decision in Kessler (Bank of Am., N.A. v Kessler, 39 NY3d 317), the Supreme Court, in an order entered August 1, 2023, granted the plaintiff's motion for leave to renew its opposition to the defendant's motion for leave to renew and, upon renewal, in effect, denied the defendant's motion for leave to renew.
Subsequently, in an order and judgment of foreclosure and sale entered November 1, 2024, the Supreme Court granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
As the defendant correctly contends, on the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see HSBC Bank USA, N.A. v Stein, 241 AD3d 661, 663; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that notice to the borrower be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). A plaintiff can establish compliance with these mailing requirements by submitting "'proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, "rather than establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed," the plaintiff's affiant "merely described the mailing requirements listed in the statute" (Bank of Am., N.A. v Lauro, 186 AD3d 659, 661; see MTGLQ Invs., L.P. v Cutaj, 202 AD3d 778, 780). As the plaintiff did not submit proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or sufficient proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304 (see MTGLQ Invs., L.P. v Cutaj, 202 AD3d at 780; Bank of Am., N.A. v Lauro, 186 AD3d at 661).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court